UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 17-681-JGB (SPx)** | Date | December 7, 2022 |
| Title | *H. Christopher Barnes v. JFK Memorial Hospital, Inc.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):   Attorney(s) Present for Defendant(s):

None Present                                         None Present

**Proceedings:**   Order to Show Cause  (IN CHAMBERS)

      On April 10, 2017, Plaintiff H. Christopher Barnes filed this action.  ("Complaint," Dkt. No. 1.)  The medical staff of Defendant JFK Memorial Hospital, Inc. ("Medical Staff") moved for a limited discovery stay and to intervene to the extent necessary to obtain such relief.  ("Motion," Dkt. No. 46.) On July 31, 2018, the Court granted the Motion.  ("Order," Dkt. No. 57.) Plaintiff appealed the Order to the Ninth Circuit.  (Dkt. No. 58.)  On September 20, 2018, the Court approved a stipulation to vacate the trial deadlines established in the Court's scheduling order.  (Dkt. No. 61.)  The Court noted it would reset the deadlines after the parties submit a status report following either (1) the conclusion of the peer review administrative process or (2) a superseding order of the Ninth Circuit.  (See id.)

      On October 18, 2018, the Ninth Circuit dismissed Plaintiff's appeal for lack of jurisdiction.  (Dkt. No. 62.)  In their stipulation to vacate the trial deadlines, the parties indicated the peer review process could continue for months.  (Dkt. No. 60.)  On July 8, 2019, the Court ordered the parties to file a joint status report.  (Dkt. No. 64.)  On July 18, 2019, the parties filed a status report, indicating that peer review proceedings were stayed.  (Dkt. No. 65.)  On March 5, 2020, the Court ordered the parties to file another status report.  (Dkt. No. 66.)  On March 20, 2020, the parties did so.  (Dkt. No. 67.)  On February 6, 2022, Plaintiff filed a status report, indicating that the Governing Board of JFK Memorial Hospital had issued its peer review ruling and that Plaintiff would challenge the decision in Riverside Superior court.  (Dkt. No. 68.)

      Since February 2022, there has been no further activity in this case.  Indeed, since 2018, there has been virtually no activity in this case.  It is unclear to the Court why this case remains on its docket without one or more parties seeking its dismissal.

   Rule 41(b) of the Federal Rules of Civil Procedure grants the Court authority to *sua sponte* dismiss actions for failure to prosecute or failure to comply with court orders.  See Fed. R. Civ. P. 41(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016).  A plaintiff must prosecute his case with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b).  Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976).  Here, it appears that Plaintiff has failed to prosecute the case with reasonable diligence because his case has laid dormant for four years.

   Accordingly, the Court orders Plaintiff to show cause in writing no later than **December 16, 2022,** why this action should not be dismissed for failure to prosecute.

   **IT IS SO ORDERED.**